IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YOLANDER JONES,                    §
                                   §
            Plaintiff,             §
                                   §
V.                                 §          No. 3:14-cv-454-BN
                                   §
CAROLYN W. COLVIN,                 §
Acting Commissioner of Social Security, §
                                   §
            Defendant.             §

## MEMORANDUM OPINION AND ORDER

Plaintiff Yolander Jones seeks judicial review of a final adverse decision of the
Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons
explained below, the hearing decision is affirmed.

### Background

Plaintiff alleges that she is disabled due to bilateral carpal tunnel syndrome and
right shoulder tendinopathy. *See* Dkt. Nos. 12-3 at 23; 12-6 at 92; 12-7 at 3. After her
application for disability benefits was denied initially, *see* Dkt. No. 12-5 at 2-6, and on
reconsideration, *see id.* at 8-11, Plaintiff requested a hearing before an administrative
law judge ("ALJ"), *see id.* at 12-13. That hearing was held on May 26, 2010. *See* Dkt.
No. 12-3 at 32-53. At the time of the hearing, Plaintiff was 52 years old. *See id.* at 35.
She is a college graduate with a degree in marketing and has past work experience as
an airline reservations agent. *See id.* at 35. Plaintiff has not engaged in substantial
gainful activity since June 1, 2005. *See id.* at 37; Dkt. No. 12-7 at 3.

The ALJ found that Plaintiff was not disabled and therefore not entitled to
disability benefits. *See* Dkt. No. 12-3 at 21. Although the medical evidence established

that Plaintiff suffered from bilateral carpal tunnel syndrome and right shoulder tendinopathy, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 24. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a reservations agent. *See id.* at 27.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed. *See* Dkt. No. 12-3 at 14-16.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 3. Plaintiff, proceeding *pro se*, challenges the hearing decision on four grounds: (1) the ALJ improperly applied the Mechanical Vocational Guidelines; (2) the findings that Plaintiff had the residual functional capacity to perform her past relevant work as a reservations agent is not supported by substantial evidence; (3) the ALJ failed to give proper deference to the treating physician's determination that Plaintiff is disabled; and (4) the ALJ failed to properly develop the record.

The Court determines that the hearing decision must be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including

weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.   The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.   The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.   The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.   If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective

evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

### Analysis

Application of Medical-Vocational Guidelines

Plaintiff first contends that the ALJ erred by "mechanically trusting" the Medical-Vocational Guidelines despite the substantial limitations established by the record. *See* Dkt. No. 17 at 7-8.

At the fifth step of the sequential evaluation process, the ALJ considers a plaintiff's age in combination with her residual functional capacity, education, and work experience to determine whether the plaintiff is capable of adjusting to and

performing work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1563(a); *Singleton v. Astrue*, No. 3:11-cv-2332-BN, 2013 WL 460066, at *7 (N.D. Tex. Feb. 7, 2013). The ALJ may consult the Medical-Vocational Guidelines (or "Grid Rules") to determine whether, given the plaintiff's vocational characteristics, work exists in the national economy that the claimant can perform. *See Heckler v. Campbell,* 461 U.S. 458, 461-62 (1983). Located in the Commissioner's regulations at appendix 2 of part 404, the Medical-Vocational Guidelines consist of rules that direct a finding of disability when the plaintiff's residual functional capacity, age, education, and previous work experience correspond to the job requirements under a particular rule. *See* 20 C.F.R., pt. 404, subpart P., app. 2.

But there is no need for the ALJ to apply the Medical-Vocational Guidelines where the ALJ finds that a claimant is capable of performing past relevant work at step four of the sequential evaluation. *See Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989); *see also* 20 C.F.R. § 416.920(f). The Medical-Vocational Guidelines "are to be applied only when it is found that the claimant is incapable of performing past relevant work." *Harper*, 887 F.2d at 97.

Here, the ALJ found that Plaintiff is capable of performing her past relevant work as a reservations agent. *See* Dkt. No. 12-3 at 27. Accordingly, he was not required to apply the Medical-Vocational Guidelines, which therefore provide no basis for finding error.

Substantial Evidence

Plaintiff next contends that the ALJ's determination that she was able to continue employment as a reservations agent was not supported by substantial evidence. *See* Dkt. No. 17 at 9-10.

The ALJ first reviewed all of the records and determined that the medical opinions and other evidence did not support a finding that Plaintiff's impairments meet or equal any impairment in the Social Security regulations and that she retains the residual functioning capacity to perform past relevant work. See Dkt. No. 15-3 at 21-27. He found that her subjective complaints of pain and functional loss were not supported by the objective medical evidence nor did they, in themselves, warrant a finding of disability. *See id.* at 24. That is, the ALJ found that although Plaintiff demonstrated some mild limitations such as decreased sensation to light touch, tenderness, and decreased dexterity, her limitations were not disabling. *See id.* at 25. The ALJ noted that Plaintiff's treating physician, Dr. Charles Tuen, repeatedly found Plaintiff to have normal range of motion, normal coordination, and good strength in both arms during the relevant period, and that an MRI of her right shoulder was negative. *See id.* at 26-27. And the ALJ explained that Plaintiff is able to take care of her personal needs and her ability to drive and lift up to 25 pounds is consistent with the residual functional capacity assigned. *See id.* at 27. The ALJ gave "great weight" to the state agency's finding that Plaintiff can perform light work and the Vocational Expert's determination that a hypothetical individual with the same age, education, work history, and residual functional capacity as Plaintiff could perform Plaintiff's past relevant work as a reservations agent. *Id.*

7

Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported his decision. *See Lockridge v. Colvin,* No. 3:12-cv-4135-BN, 2014 WL 1255745, at *7 (N.D. Tex. Mar. 27, 2014); *see also Simeon ex rel. D.M.B. v. Astrue,* No. A-09-CA-756-LY, 2010 WL 2160834, at *4 (W.D. Tex. May 25, 2010) (citing *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir. 1988)). A thorough review of the record confirms that substantial evidence supported the ALJ's findings. Although the record contains numerous treatment notes of Dr. Tuen to establish the hand and shoulder pain suffered by Plaintiff, it does not reflect that Plaintiff has the exertional, postural, or manipulative limitations that would prevent her from performing her past relevant work.

Treating Physician Rule

Plaintiff contends that the ALJ failed to adequately consider the opinion of her treating physician, Dr. Tuen, who indicated in his treatment notes that Plaintiff is disabled. *See* Dkt. No. 17 at 10-11.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez*, 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater

8

weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). But the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Here, Plaintiff faults the ALJ for failing to give weight to Dr. Tuen's statement that she "remains disabled" and is unable to work. *See, e.g.*, Dkt. No. 12-8 at 87, 90, 93, 96, 99, 102, 105, 116. But the United States Court of Appeals for the Fifth Circuit has distinguished between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the patient is disabled and cannot work. *See Miller v. Barhart*, 211 F. App'x 303, 305 (5th Cir. 2005). An ALJ is not required to justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because those decisions are reserved for the Commissioner. *See id.* (citing *Frank v. Barnhart,* 326 F.3d 618, 620 (5th Cir. 2003)). An ALJ need not give special weight to treating physicians' opinions if they have no special significance. *See id.* "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.' " *Id.*

The ALJ gave little weight to any of Dr. Tuen's opinions that Plaintiff was disabled and unable to work but instead considered the medical opinions and diagnoses contained in the record before him. *See* Dkt. No. 12-3 at 26. Because *Frank* makes plain

that an ALJ need not give special weight to conclusions about disability or ability to work, the ALJ did not err.

<u>Failure to Fully Develop Record</u>

Plaintiff argues that the ALJ failed to fully develop the record in light of the medical information provided by Plaintiff's physician. *See* Dkt. No. 17 at 4, 11-12. It is well-established that the ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Cornett v. Astrue*, 261 F. App'x 644, 647 (5th Cir. 2008) (citing *Ripley*, 67 F.3d at 557). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (citing cases). Here, the ALJ considered evidence of Plaintiff's impairments, including Plaintiff's testimony, treatment notes, and a residual functional capacity assessment by a state agency physician. *See* Dkt. No. 12-3 at 22-27. Plaintiff does not indicate what additional inquiry was required. *See* Dkt. No. 17 at 11-12.

But, even if the ALJ did not properly develop the record, Plaintiff has failed to demonstrate prejudice. Plaintiff has not suggested any additional evidence that should have been discovered by the ALJ that would indicate that she is disabled. Under these circumstances, remand is not appropriate. *See Bowling v. Shalala*, 36 F.3d 431, 437 (5th Cir. 1994) ("We shall ... reverse an ALJ's decision for failure to develop the record adequately only if a claimant shows that he was prejudiced as a result of the hearing.").

## Conclusion

The hearing decision is affirmed in all respects.

DATED: October 30, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE